UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                          Case No. 21-cr-0240-bhl-3

DEMONTE T. TATUM,

          Defendant.

## ORDER DENYING MOTION TO CORRECT JUDGMENT

      Defendant Demonte T. Tatum has filed a Motion to Correct Judgment pursuant to Fed. R. Crim. P. 36, asking the Court to clarify that the sentence the Court imposed on Tatum in this case was intended to run concurrent to a later sentence imposed by the Milwaukee County Circuit Court in Case No. 2018CF004996. (ECF No. 70.) The government does not join in this motion. (*Id.* at 4.) Because the Court's judgment correctly states the Court's intentions at sentencing, Tatum's motion will be denied.

      On June 3, 2022, this Court imposed a 37-month sentence of incarceration on Tatum, three months after Tatum entered a guilty plea on charges of possession of a firearm by a convicted felon in violation of 18 USC §§ 922(g)(1) and 924(a)(2). The 37-month sentence was based in part on the parties' joint recommendation. The parties also jointly recommended that the Court order Tatum's federal sentence to run concurrently with a state court revocation sentence that Tatum was then serving in connection with Milwaukee County Circuit Court Case No. 2014CF003487. Contrary to the parties' suggestion, the Court ordered that Tatum's federal sentence run consecutive to the state court revocation. The parties did not recommend, and the Court did not order that Tatum's federal sentence run concurrently or consecutively to any other sentence, even though Tatum was, at that time, already subject to additional state charges in Milwaukee County Case No. 2018CF004996.[1] Tatum now asks the Court to "correct" the June 3, 2022 judgment to

---

[1] According to the Criminal Complaint, on October 16, 2018, police attempted to stop a vehicle for a traffic violation. The vehicle sped away at 80 miles per hour in a 25 miles per hour zone. The chase lasted several blocks until the vehicle crashed into trees. The driver was ejected from the vehicle and taken to a hospital for treatment. He was

order that his federal sentence run concurrent to those additional state charges. Tatum suggests that correction would be appropriate to the extent the Court's failure to order concurrent sentences "aris[es] from oversight or omission." (ECF No. 70 at 2.)

The Court's sentence as documented in the judgment is not the result of any mistake, oversight, or omission. During the sentencing hearing, the Court asked the parties to explain why they recommended a sentence concurrent to the state-court revocation sentence when the guidelines suggested the sentence should be consecutive. The Court also noted that the parties had recommended a significantly below-guideline sentence, even though the Presentence Report showed "a lot of aggravating factors" and not many mitigating factors, and asked the parties to justify that deviation. (ECF No. 69 at 6.) Finally, the Court asked about the status of "a pending state court fleeing charge" and directed counsel to address whether that pending matter had "any impact" on the sentence the Court was about to impose. (*Id.*) Despite the Court's inquiries, neither party addressed the pending state fleeing charges in their sentencing arguments. In the end, the Court imposed a sentence "consistent with the part[ies'] recommendation" but ordered that the sentence run consecutively to the state revocation sentence. (ECF No. 69 at 25.) Neither the orally pronounced sentence nor the Court's judgment referred to the then-pending state fleeing charges. (*Id.*; ECF No. 58.)

Tatum reports that he completed his revocation sentence in 2014CF003487 on July 15, 2022. (ECF No. 70 at 2.) He was not transferred into federal custody but, instead, was transferred to Milwaukee County custody to resolve the pending charges in 2018CF004996. (*Id.*) On September 30, 2022, the state court judge sentenced Tatum to one year in prison, concurrent to any other sentence. (*Id.*) Tatum completed that sentence on April 24, 2023, and was then transferred into federal custody. (*Id.*) The Bureau of Prisons (BOP) determined that Tatum's federal sentence began on April 24, 2023, the day the BOP took him into custody. (*Id.*)

Tatum now asks the Court to correct the judgment in this case to state that his federal sentence should have started on July 15, 2022, the date his revocation sentence ended. (*Id.*) He asks the Court to order this to give effect to the state court's sentence in his fleeing case, a sentence the state court ordered to run concurrently to any other sentences. Because the BOP is correctly

---

identified as the defendant. (ECF No. 51 at 12, ¶53.) Tatum was charged with fleeing/eluding officer (Count One) and recklessly endangering safety (Count Two). (*Id.*)

applying its statutory authority and there is nothing mistaken to correct in this Court's judgment, Tatum's motion must be denied.

Generally, a prison sentence "commences on the date the defendant is received into custody … [at] the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The statutes also presume that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584. Tatum's later-imposed state sentence thus ran consecutively to the federal sentence by operation of law. *Id.* The state court's designation of his state sentence in 2018CF004996 as concurrent with his prior federal sentence creates no obligation on the Attorney General to provide him with credit for the time served in the state prison. *See Jake v. Herschberger*, 173 F.3d 1059, 1065 (7th Cir. 1999) (determination as to concurrence of sentence made by one sovereign does not bind any other sovereign). Nor is there anything to correct in this Court's sentencing judgment. The record confirms that the judgment in this case accurately reflects the sentence this Court imposed. Although the Court questioned how Case No. 2018CF004996 might affect Tatum's federal sentence, there was no ruling that the federal sentence should be reduced based on the outcome of Tatum's state-court fleeing prosecution. Indeed, given that the state court sentence relates to different offense conduct that has nothing to do with the felon-in-possession offense he pleaded guilty to in this Court, the two sentences are and should be entirely independent of one another. Because there is nothing to correct in the Court's judgment, the Court declines to order any amendments to it. Rather, the Bureau of Prisons appears to have acted within its delegated authority to structure Tatum's federal sentence to begin on the date he entered federal custody, which has the effect of causing his federal sentence to run consecutively to his state sentence in 2018CF004996. Consequently, the Court will deny relief to Tatum.

Accordingly,

**IT IS ORDERED** that Tatum's Motion to Correct Judgment (ECF No. 70) is **DENIED**. Dated at Milwaukee, Wisconsin on October 17, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge